# Exhibit A

## List of Creditors Holding 20 Largest Unsecured Claims

Pursuant to Local Bankruptcy Rule 1007-2(a)(4), the following is a list of those creditors holding the 20 largest unsecured claims against the Debtor. This list has been prepared from the books and records of the Debtor, and in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure in connection with the filing of the Debtor's chapter 11 petition. This list does not include (a) persons who come within the definition of "insider" set forth in 11 U.S.C.§ 101, (b) secured creditors unless the value of the collateral is less than the total amount of such creditor's claim or (c) claims held by any of the Debtor's employees.

The information set forth on this Schedule shall not constitute an admission of liability by, nor is binding on, the Debtor, and the failure to list a claim as contingent, disputed or subject to set-off shall not be a waiver of any of the Debtor's rights related hereto.

| Name of Creditor | Amount | Contingent, Unliquidated, Disputed or Subject to Setoff | Nature of the Debt |
|---|---|---|---|
| Union Standard<br>5662 Calle Real #118<br>Goleta, CA 93117 | $587,500 | | Schedule A Obligation – Promissory note |
| Robert J. Caputo<br>500 West Street<br>Harrison, NY 10528 | $539,500 | | Schedule A Obligation – Promissory note; Unpaid compensation |
| Matthew Ruane<br>1 Roebling Court<br>Leonardo, NJ 07737 | $300,000 | | Schedule A Obligation – Promissory note |
| Jurei, LLC and Wynthrop Barrington, Inc.<br>5662 Calle Real #118<br>Goleta, CA 93117 | $250,000 | | Schedule A Obligation – Promissory note |
| Christopher Foxall<br>15 Overbrook Drive<br>Stamford, CT 06906 | $100,000 | | Schedule A Obligation – Promissory note |
| Christopher Cervino<br>11 Magnolia Lane<br>Cedar Grove, NJ 07009 | $46,167 | | Schedule A Obligation – Promissory note |
| John Luppo<br>7000 Blvd. East Tower 1<br>Apartment 43A<br>West New York, NJ 07093 | $46,167 | | Schedule A Obligation – Promissory note |

| Name of Creditor | Amount | Contingent, Unliquidated, Disputed or Subject to Setoff | Nature of the Debt |
|---|---|---|---|
| Jeffrey Wallner<br>44 West 69th Street<br>Apt. 1B<br>New York, NY 10023 | $20,000 | | Schedule A Obligation – Promissory note |
| Internal Revenue Service<br>10 Metro Tech Center<br>625 Fulton Street<br>Brooklyn, NY 11201 | $3,549.49 | | Taxes |

SB/767661.1/059558

## List of Largest Secured Creditors

Pursuant to Local Bankruptcy Rule 1007-2(a)(5), there are no secured creditors of the Debtor. This list has been prepared from the books and records of the Debtor, and in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure, in connection with the filing of the Debtor's case under chapter 11.

The information set forth on this Schedule shall not constitute an admission of liability by, nor is binding on, the Debtor, and the failure to list a claim as contingent, disputed or subject to set-off shall not be a waiver of any of the Debtor's rights related hereto.

## Assets and Liabilities of the Debtor

Total Assets………………………………… $975,842.65
Total Liabilities………………………………$7,410,753.49

4

SB/767661.1/059558

## Publicly Traded Securities

Pursuant to Local Bankruptcy Rule 1007-2(a)(7), there are no debt securities of the Debtor publicly held, nor are there equity securities of the Debtor which are publicly held.

## Debtor's Property Not in its Possession

Pursuant to Local Bankruptcy Rule 1007-2(a)(8), there is no known property of the Debtor that is in the possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents, secured creditor, or agent for such entity.

## List of Owned/Leased Premises

Pursuant to Local Bankruptcy Rule 1007-2(a)(9), the Debtor does not own, lease or hold under any other arrangement any property.

## Location of Debtor's Books and Records

Pursuant to Local Bankruptcy Rule 1007-2(a)(10), the Debtor has books and records in its offices located at 600 West 58th Street, New York, NY 10019.

SB/767661.1/059558

# Litigation

Pursuant to Local Bankruptcy Rule 1007-2(a)(11), there are no known actions or proceedings, pending or threatened, against the Debtor or its property where a judgment against the Debtor or a seizure of its property may be imminent.

| Case/Arb No. | Court or Arb. Assoc. | County | Index or Arb. No. | Nature of suit |
|---|---|---|---|---|
| Richard Schiffrin, MWSLV, LLC, Angad Paul, Anjli Paul and Lewis Hendler v. Lighthouse Financial Group, LLC, **Lighthouse Global Partners, LLC**, Jeffrey J. Morfit, Joseph D. Diaco, Richard Krill and Michael Morfit | Supreme Court of the State of NY | New York | | Negligent misrepresentations concerning securities purchase, negligence and conversion |
| Lowrie, Lando & Anastasi LLP v. **Lighthouse Global Partners LLC** | NYC Civil Court | New York | Index No. 15370/09 | Legal fees |
| Steven Levy v. Lighthouse Financial Group, LLC, **Lighthouse Global Partners, LLC**, Robert J. Bradley, Joseph D. Diaco, Michael S. Gutshall, Richard E. Krill, Christopher J. LaGrego, Jeffrey J. Morfit, and Jeffrey R. Wallner | FINRA Dispute Resolution | New York | | Violations of federal securities laws and common law misrepresentation, conversion, suitability, negligence, negligent supervision, control person liability and respondeat superior |
| Susan Meekins, Esq. v. **Lighthouse Global Partners, LLC** | Joint Committee on Fee Disputes and Conciliation – NY County Lawyers Association | New York | | Unpaid legal fees |

## Senior Management

Pursuant to Local Bankruptcy Rule 1007-2(a)(12), the following is a list of individuals comprising the Debtor's existing senior management, describing their tenure and relevant responsibilities and experience.

| Name/Position | Experience/ Responsibilities |
|---|---|
| Robert J. Bradley<br>Managing Member | Managing Member of Debtor since October 2005. Before his affiliation with the Debtor, Mr. Bradley was a broker with Merit Capital Associates, Inc. from February 1997 to October 2000. Prior to that, Mr. Bradley was a broker at Robb Peck McCooey Clearing Corporation from September 1996. |

SB/767661.1/059558

## Payroll

Pursuant to Local Bankruptcy Rule 1007-2(b)(1)-(2) (A) and (C), the following provides the Debtor's estimated weekly payroll for employees (not including officers, directors and stockholders), and the estimated amount to be paid to officers, directors, stockholders, and financial and business consultants retained by the Debtor, for the thirty-day period following commencement of the Debtor's chapter 11 case.

None.

## Estimate Cash Receipts/Budget

Pursuant to Local Bankruptcy Rule 1007-2(b)(3), the following provides, for the thirty-day period following commencement of its chapter 11 case, the Debtor's estimated cash receipts and disbursements, net cash gain or loss, and obligations and receivables expected to accrue that remain unpaid, other than professional fees.

None.